UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO ATKINS, | ) Case No. C06-883 JCC |
| Plaintiff, | ) |
| v. | ) |
| | ) ORDER DIRECTING |
| TODD PACIFIC SHIPYARDS, INC., | ) REFERRAL TO SCREENING PANEL |
| | ) FOR POSSIBLE APPOINTMENT OF |
| Defendant. | ) PRO BONO COUNSEL |

On June 28, 2006, plaintiff filed a *pro se* complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges, *inter alia*, that he was the victim of racial discrimination, that he was harassed, and that he was constructively discharged as a result. Dkt. No. 3. The plaintiff filed a motion for appointment of counsel, which was referred to the undersigned Magistrate Judge. Dkt. No. 8. The Court, having considered plaintiff's motion and the available court record, directs that this matter be referred to the screening panel of the pro bono counsel for possible appointment of counsel to represent plaintiff.

Although this Court possesses the authority to appoint counsel in an Title VII employment discrimination suit, as a general proposition, a plaintiff has no absolute right to such an appointment. 42 U.S.C. § 2000(e)(5)(f)(1)(B); *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982) (internal citations omitted). Rather,

ORDER DENYING
PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -1

01 the determination is left to the sound discretion of the district court. *Johnson v. U.S. Dept. of*
02 *Treasury*, 939 F.2d 820, 824-25 (9th Cir. 1991). Three factors are relevant to the Court's
03 determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the
04 efforts made by the plaintiff to secure counsel on his or her own; and (3) the merits of the
05 plaintiff's claim. *Id.* (citing *Ivey,* 673 F.2d at 269).

06       Plaintiff satisfies the financial requisite for appointment of counsel. A movant's
07 ability to afford counsel is measured by a more lenient standard than that required to qualify
08 for *in forma pauperis* status. *See Ivey*, 673 F.2d at 269. Here, plaintiff has already been
09 granted leave to proceed *in forma pauperis.* Dkt. No. 2.

10       Additionally, plaintiff appears to have attempted to retain counsel. Plaintiff is
11 required to perform a reasonably diligent effort under the circumstances to obtain counsel.
12 *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981); *Ivey*, 673
13 F.2d at 269. Here, plaintiff's application indicates that he has sought assistance from
14 approximately nine lawyers. Dkt. No. 7.

15       On the third issue, it is difficult to assess the merits of the case at this stage. While
16 not dispositive, the Equal Employment Opportunity Commission's ("EEOC") evaluation of a
17 Title VII claim are considered probative of the merits for purposes of appointment of counsel.
18 *Bradshaw*, 662 F.2d at 1309, 1319-20 (indicating that EEOC determinations that a case has
19 merit ordinarily require no further inquiry for purposes of appointment of counsel); *see also*
20 *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1308 (5th Cir.1977) (finding EEOC
21 investigations highly probative of a case's merits for purposes of appointing counsel). Here,
22 the EEOC investigated plaintiff's claim and according to plaintiff, issued a right to sue letter.
23 Dkt. No 7.

24       Accordingly, pursuant to the Western District of Washington General Order re:
25 Representation of *pro se* Litigants in Civil Rights Cases, the Clerk of the Court is directed to
26 refer the application, the pleadings filed to date, and this Order to the Screening Committee

ORDER DENYING
PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -2

01 for possible appointment of counsel.  The Screening Committee is requested to make a
02 recommendation regarding appointment of counsel to the undersigned Magistrate Judge and
03 to the Honorable John C. Coughenour at its earliest possible convenience.
04      The Clerk shall direct copies of this Order to plaintiff, to counsel for defendant, and to
05 the Honorable John C. Coughenour.
06      DATED this 4th day of January, 2007.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING
PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -3